No. 494 June 4, 2025 91

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KURT ALAN SCHILLER,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR44348; A182958

Ladd J. Wiles, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals a judgment of conviction for assault in the second degree, ORS 163.175; burglary in the first degree, ORS 164.225; assault in the fourth degree, ORS 163.160(2); and unlawful use of an electrical stun gun, tear gas, or mace in the second degree, ORS 163.212. He assigns error to the trial court's pretrial ruling that excluded under OEC 403[1] evidence that the alleged victim, A, shot a firearm at defendant two months prior to the alleged offenses. We conclude that the trial court did not err. Accordingly, we affirm.

Defendant and A were romantically involved with the same woman, J. A alleged that, on the night in question, defendant drove his car into A while he was on a bicycle, sprayed him with bear mace, and chased him with a bat. Defendant denied those allegations, and at trial, part of defendant's theory of defense was that A had falsely accused defendant of the offenses to remove him from J's life so that A could date her. Pretrial, the state moved to exclude defendant's statements to the police that A had discharged a firearm at him two months prior to the incident that resulted in the criminal charges at issue in this case. Defendant told police that, although he did not see A discharge the firearm, he heard a gunshot, and a friend, McConkey, later told him that A had shot at defendant. Defendant argued that the evidence was relevant to establish that defendant and A fought about J on an ongoing basis and to show A's bias against defendant. The trial court granted the state's motion to exclude the evidence under OEC 403 but noted that the "love triangle" was an "important component" of the defense's theory and that evidence of it could "be introduced in other ways."

The parties did not dispute that defendant and A disliked each other because of their mutual romantic interest in J. The prosecutor told the jury in their opening

---

[1] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

statement that defendant and A both wanted to date J. During cross-examination at trial, A testified that he and J were still dating, that they had dated "off and on" for three years, and that he was aware that defendant and J had also dated during that time. The prosecutor elicited testimony from a mutual friend of the three, McConkey, that defendant, J, and A had been involved in "friend, boyfriend-girlfriend" relationships "on and off" during the three years that McConkey had known J. A police officer testified that defendant told him that A had been dating J, that defendant had just resumed dating J, and defendant confronted A on the night of the alleged offenses because defendant "loves [J] and it was worth confronting [A] because of that." The officer also testified that defendant told him that A may have falsely accused defendant of the offenses to get defendant in custody so that A "could have [J]." In closing, the prosecutor acknowledged the "love triangle" and argued that the jury should believe A's version of events on the night of the alleged offenses. Defense counsel argued that the "love triangle" evidenced an ongoing dispute between defendant and A and encouraged the jury to consider whether A had "a bias against [defendant]."

Defendant argues on appeal that the trial court erred because evidence that A shot a firearm at defendant about two months before the alleged offenses was admissible under OEC 609-1,[2] Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution to show A's bias and motive to falsely accuse defendant, that the trial court abused its discretion when it excluded the evidence under OEC 403, and that the error was harmful. The state responds that the trial court did not err. The state argues that we should affirm on "right-for-the-wrong-reason" principles because the contested evidence constituted inadmissible double hearsay. The state also argues that the trial court correctly

---

[2] OEC 609-1 provides, as relevant:

"(1) The credibility of a witness may be attacked by evidence that the witness engaged in conduct or made statements showing bias or interest. In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the statement shall be shown or disclosed to the opposing party."

permitted defendant to make an initial showing of bias and that the trial court did not abuse its discretion by excluding the additional evidence of bias. Finally, the state argues that any error in excluding the evidence would have been harmless.

We review for legal error a trial court's decision to preclude a party from making an initial showing of a witness's bias under OEC 609-1. *State v. Robintree*, 325 Or App 267, 276, 528 P3d 1207, *rev den*, 371 Or 309 (2023). "If a trial court permits a party to make a threshold showing of facts establishing a witness's bias, we review for abuse of discretion the court's decision under OEC 403 to limit the introduction of additional evidence that elaborates on the initial showing." *State v. Nacoste*, 272 Or App 460, 466-67, 356 P3d 135 (2015).

The trial court did not err. The trial court permitted defendant to make an initial showing of A's bias or interest by eliciting testimony about the "love triangle" and A's motive to falsely accuse defendant, as required by OEC 609-1, Article I, section 11, and the Sixth and Fourteenth Amendments. *See Nacoste*, 272 Or App at 467-68 ("Under OEC 609-1, the credibility of a witness may be impeached by evidence that the witness is biased or has a personal interest in the outcome of the case. In addition, in a criminal case, the right to impeach a witness for bias or interest is secured to criminal defendants by the Oregon and United States constitutions as part of the right to confront witnesses."). Defense counsel elicited testimony from A on cross-examination that A knew that defendant had been romantically involved with J during the same time period as A. The jury also heard McConkey's testimony about defendant's and A's mutual romantic interest in J, evidence of defendant's statements that he confronted A on the night of the alleged offenses because A had been dating J, and evidence of defendant's statements that A may have falsely accused him to remove him from J's life. The jury could infer from that evidence that A had a motive to falsely accuse defendant of the offenses to remove defendant as competition for J's affection. Accordingly, we reject defendant's argument that the trial court precluded defendant from establishing facts showing A's bias or interest.

The trial court thus had discretion under OEC 403 to determine whether to permit defendant to offer additional evidence of A's bias or interest. *Nacoste*, 272 Or App at 466-67. The trial court excluded the additional evidence of bias under OEC 403 because the evidence had "marginal" probative value, risked "confusing the issues, [and] distracting the jury," and carried a risk of unfair prejudice. The evidence, on this record, derived wholly from defendant's statements to a police officer that McConkey had told defendant that A had shot at defendant two months prior to the alleged offenses. The trial court did not abuse its discretion when it excluded the evidence under OEC 403.

Affirmed.